## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**LILLIAM DAVID RIVERA**,
　　Plaintiff,

　　v.

**COMMISSIONER OF SOCIAL
SECURITY**,
　　Defendant.

Civil No. 18-1653 (BJM)

## OPINION & ORDER

Plaintiff Lilliam David Rivera ("David") filed the present case challenging the Commissioner of the Social Security Administration's ("Commissioner's") denial of her petition for Social Security disability insurance benefits. Docket No. ("Dkt.") 1. The parties consented to proceed before me. Dkts. 5, 6. In due course, the Commissioner filed a consent motion to remand pursuant to sentence four of 42 U.S.C. §405(g). Dkt. 17. I granted the motion. Dkt. 18. Judgment in the case was entered on May 22, 2019. Dkt. 19.

On July 15, 2020, David's counsel, Rafael Colon Flores ("Colon"), filed a motion for attorney fees pursuant to § 406(b) of the Social Security Act ("§ 406(b)") in the amount of $16,334.25. Dkt. 24. For the reasons explained below, Colon's motion for attorney's fees pursuant to § 406(b) is **GRANTED**.

## APPLICABLE LEGAL STANDARDS

In Social Security cases, attorney fees can be obtained pursuant to the EAJA or the Social Security Act, 42 U.S.C. § 406. Fee awards may be made under both the EAJA and 406(b), but if fees are awarded under both, the attorney claiming the award must refund the lesser award to the client. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); 28 U.S.C. § 2412.

Under the EAJA, a party prevailing against the United States in court, including a successful Social Security benefits claimant, may be awarded fees payable by the United States if the government's position in the litigation was not "substantially justified." § 2412(d)(1)(A); *see also Gisbrecht*, 535 U.S. at 796. EAJA fees are determined not by a percent of the amount recovered, but by the "time expended" and the attorney's "[hourly] rate," § 2412(d)(1)(B), which is capped at $125 per hour. § 2412(d)(2)(A). *See Gerardo Dieppa-Velázquez v. Comm'r of Soc. Sec.*, 19-CV-1574 (CVR) (D.P.R. May 25, 2021).

However, as noted above, a reasonable fee may be awarded to an attorney who successfully represented a claimant in federal court under 42 U.S.C. § 406(b)(1)(A). When a court renders judgment favorable to a Social Security claimant who has legal representation, the court may allow "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A). Unlike the EAJA, however, 406(b) does not authorize the prevailing party to recover fees from the losing party. Instead, 406(b) authorizes fees payable from the successful party's recovery. *Gisbrecht*, 535 U.S. at 795.

The Commissioner has interpreted 406(b) to "prohibi[t] a lawyer from charging fees when there is no award of back benefits." *Id*. A court may award fees under 406(b) when, for example, "the court remands . . . a case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits." *McGraw v. Barnhart*, 450 F.3d 493-96 (10th Cir. 2006). However, 406(b) is not meant to permit counsel to request inordinate or unreasonable fees under the guise of a contingency fee agreement. 406(b) calls for court review of contingent fee arrangements between claimants and counsel to assure that they yield reasonable results. Agreements are also de facto unenforceable if they provide for fees exceeding 25 percent of the past-due benefits. § 406(b)(1)(A). Even within the 25 percent boundary, plaintiff's counsel

must show that the fee sought is reasonable given the services rendered. *Id*. Courts must ensure that fees are reasonable even if they are less than 25% of the past-due benefits, as there is no presumption that 25% is reasonable. *Gisbrecht*, 535 U.S. at 807 n.17.

In determining a reasonable fee, a court should look first to the contingent fee arrangement, then test for reasonableness "based on the character of the representation and the results the representative achieved." *Id*. at 808. Factors relevant to reasonableness include: (1) whether the attorney's representation was substandard; (2) whether the attorney was responsible for any delay in the resolution of the case; and (3) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case. *Id*. The claimant's attorney can also be required to submit a record of the hours spent representing the claimant and a statement of the lawyer's normal billing rate for non-contingency fee cases. *Id*. "If the benefits are large in comparison to the amount of time counsel spent on a case, a downward adjustment is similarly in order." *Id*. (citations omitted).

The statute does not specify a deadline for requesting fees. District of Puerto Rico Local Rule 54(b) states that "An application for attorneys' fees in those cases for which fees have been contracted . . . shall be filed within fourteen (14) days of the expiration of the time for filing a timely appeal." Furthermore, District of Puerto Rico Local Rule 9(d)(2) was amended effective on February 28, 2022 to state that "[a] party seeking attorneys' fees pursuant to 42 U.S.C. § 406(b) shall have thirty (30) days after counsel's receipt of the original, amended, or corrected Notice of Award, or the Social Security Correspondence sent at the conclusion of the Agency's past-due benefit calculation, stating the amount withheld." *See* 03-MC-115, Dkt. 71-1. Local Rule 1(a) provides that "[t]he Court may modify [the local] rules in exceptional circumstances or when justice so requires."

# DISCUSSION

## A. Timeliness

Colon received the award notice (termed the Notice of Award, or "NOA") by the Social Security Administration ("SSA") on July 11, 2020. Dkt. 24 at 1; 24-2. A fourteen-day filing deadline applies to 406(b) motions and the countdown to this deadline begins upon delivery of an original or amended NOA to counsel. *Pais v. Kijakazi*, 52 F.4th 486, 494 (1st Cir. 2022); D.P.R. Civ. R. 9(b)(2); *see also* L.Civ.R. 9(d)(2). Social security regulations state the date of notification is considered to be five days after the date on the notice. *See* 20 C.F.R. §404.1703. Regardless, since Colon filed his motion on July 15, 2020, four days after receiving the NOA from the SSA, he has filed his motion timely.

## B. Reasonableness of Fees

I next turn to the reasonableness of the fees requested. Colon requests $16,334.25 in attorney's fees per the agreement between David and Colon, which provides for Colon to receive 25% of David's past-due benefits.[1] Dkt. 24-3. Colon does not address whether his fees are reasonable but only states the contract between himself and David provides that Colon may seek 25% of the past due benefits awarded to David. Dkt. 24. The government does not oppose Colon's request for $16,3345.25 in attorney's fees. Dkt. 25 at 3-4.

---

[1] The government notes in their reply that Colon's fee agreement states:

> Claimant and Attorney agree that If SSA favorably decides the claims. Claimant will pay attorney a fee equal to the lesser of the amount specified under 42 U.S.C.A. § 406(a)(2)(A), currently $600, or twenty five percent (25%) of past-due benefits to claimant and claimant's family resulting from the claim(s).

Dkts. 24-3; 25 at 4. However, the agreement states the above language only applies to a favorable decision obtained at the administrative level. Dkt. 24-3. If there is an appeal and a favorable decision is obtained there, Colon can request fees in the amount of 25% of past-due benefits. *Id.*

It is up to the courts to determine whether a fee amount requested pursuant to 406(b) is reasonable. *See Gisbrecht*, 535 U.S. at 807. When determining if a fee is reasonable, courts should first look to the contingent fee arrangement, then test for reasonableness based on the character of the representation and the results the representative achieved. *Id*. at 808. Colon submitted proof that he spent a total of 42 hours working on David's case. Dkt. 24-1 at 3. There also is no indication that Colon's conduct was improper or that his representation was significantly substandard. A review of the docket and his time log reveals that Colon performed substantive work, such as drafting the complaint, reviewing transcripts and meeting with David to discuss the administrative decisions, court orders and further steps. *See* Dkt. 37-2. And ultimately, Colon achieved a favorable result as the case was remanded to the Agency and an award of past due benefits was obtained.

However, a reduction in hours is warranted. Colon reported 4.5 hours in preparing for the administrative proceedings after the May 22, 2019 Final Judgment was entered. *See* Dkt. 24-1 at 2-3. These hours are inapplicable under § 406(b) because the fees that may be awarded under this section are for representation in <u>federal court</u>. *See* 42 U.S.C. § 406(b)(1)(A). Therefore, I reduce these 4.5 hours. Colon also includes in his billable hours the time spent preparing his attorney's fees motions. Colon drafted his first motion under § 406(b) on January 23, 2020, but it was withdrawn. *See* Dkts. 20-21. Colon spent 2.75 hours. Then, on July 15, 2020, Colon filed the present motion and claims to have spent 2 hours in preparing it. *See* Dkt. 24-1 at 3. "The First Circuit has not addressed whether an attorney should be compensated for time spent preparing a motion for fees under § 406(b)." *Edwin B.P. v. Comm'r of Soc. Sec.*, 21-CV-1383 (GLS), 2023 WL 6803791, at *3 (D.P.R. Oct. 16, 2023). Other courts have disfavored compensation for time spent preparing the motion for fees under § 406(b). *See Amburgey v. Colvin*, 2016 WL 2859611,

at *2 (E.D. Ky. May 16, 2016), *Craig v. Sec. Dep't of Health and Human Servs.*, 864 F.2d 324, 328 (4th Cir. 1989). As such, I also reduce the 4.75 hours billed for the preparation of § 406(b) motions.

For purposes of this motion, the total hours Colon worked are 32.75. Colon's § 406(b) fee petition therefore amounts to a *de facto* rate of approximately $498.76 per hour, or the requested $16,334.25 divided by the 32.75 hours Colon expended on the case. I find the hourly rate is reasonable as this court has approved fees between $600 and $1,231.50 for cases where there was a voluntary remand. *See, e.g.*, *Piñeiro-Fuentes* v. *Comm'r of Soc. Sec.*, 18-CV-1556 (MDM), 2023 WL 6605907 (D.P.R. Oct. 10, 2023) (approving *de facto* hourly rate of $1,010 for 19.8 hours of work on case involving post-briefing voluntary remand); *Vazquez-Soto v. Comm'r of Soc. Sec.*, 19-CV-1168 (MDM), 2023 WL 4285991 (D.P.R. June 30, 2023) (reduced fee award resulting in *de facto* hourly rate of $1,231.50 for 7.8 hours of work in case involving pre-briefing voluntary remand); *Hernandez-Miranda v. Comm'r of Soc. Sec.*, 18-CV-1390 (MEL), 2022 WL 6174113 (D.P.R. Oct. 10, 2022) (reduced fee award due to pre-briefing voluntary remand resulting in *de facto* rate of $815.22 for 9.2 hours); *Santiago Diaz v. Comm'r of Soc. Sec.*, 19-CV-1139 (MEL), 2022 WL 420443 (D.P.R. Feb. 11, 2022) (granting an award of $6,180.00 for 10.3 hours of billable work despite denying $25,000.00 as excessive, which amounts to $600.00 an hour); *Pagan-Torres v. Comm'r of Soc. Sec.*, 18-CV-1921 (MDM), Dkt. 42 (granting an award of $5,111.00 in attorney fees for 8.3 hours of billable work despite denying the attorney's full claim of $11,000.00 as excessive, which amounts to approximately $615.78 per hour).

Other relevant factors also reflect the fee is reasonable. For example, the fee amount requested does comply with the statutory cap because it is not more than 25% of David's past-due benefits. There is also no indication that the terms of the contingent fee agreement reached by

David and Colon were unreasonable, and the agreement provides for Colon to keep 25% of David's past-due benefits. *See* Dkt. 41-1.

Accordingly, I grant Colon's petition for attorney's fees in the amount of $16,334.25 under §406(b).

## CONCLUSION

For the foregoing reasons, Colon's petition for attorney fees under § 406(b) is **GRANTED** and payment of $16,334.25 in attorney fees to Colon is authorized.

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, this 6th day of March 2025.

S/ *Bruce J. McGiverin*
BRUCE J. MCGIVERIN
United States Magistrate Judge